IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA.,

Plaintiff,

vs.

JULIO MORENO-VELO,

Defendant.

Case No. 06-10168-01-JTM

**MEMORANDUM AND ORDER**

Presently before the court is defendant Julio Moreno-Velo's (Moreno-Velo's) objection to the court's imposition of probation/supervised release because the relevant statute 8 U.S.C. § 1326 does not mandate the imposition of that separate sentence. (Dkt. No. 21). For the following reasons, the court denies the motion.

In December 2006, Moreno-Velo was sentenced to 21-months confinement, followed by 3 years of supervised release following his plea of guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a). At sentencing, the standard and mandatory conditions of release were imposed, as well as special conditions, which prohibit Moreno-Velo from possessing a firearm, and require him to participate in substance abuse treatment. Additionally, this court ordered that Moreno-Velo be delivered to ICE upon completion of his term of imprisonment, in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 - 1524.

In November 2007, Moreno-Velo filed an objection to the Court's imposition of

probation and supervised release, which is currently before the court.  Specifically, Moreno-Velo claims that the statute under which he pled guilty did not authorize the imposition of supervised release.  Although Moreno-Velo is correct that 8 U.S.C. § 1326(a) does not mention supervised release, 18 U.S.C. § 3553(a) explicitly allows the court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *United States v. Robinson*, 62 F.3d 1282, 1284 FN 2 (10th Cir. 1995).  Additionally, courts have ruled that supervised release serves as a deterrent from repeated illegal reentry.  *United States v. Garcia-Castaneda*, No. 07-2030, 2007 WL 4124347, at *2 (10th Cir. Nov. 20, 2007).  As such, the imposition of probation/supervised release was proper, and Moreno-Velo's objection is without merit, and thus denied.

     IT IS ACCORDINGLY ORDERED this 10th day of April, 2008, that defendant Moreno-Velo's  objection to the court's imposition of probation/supervised release (Dkt. No. 21) is hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE